HENRY WHELEN ET AL., APPELLANTS, V. EDWARD CASSIDY
ET AL., APPELLEES.

FILED APRIL 17, 1902.  No. 11,496.

Commissioner's opinion, Department No. 3.

1. **Precinct:** TAXES: ASSESSMENT: LEVY: TERRITORIAL INTEGRITY OF
   PRECINCT. So far as the assessment of property and the levy
   of general taxes are concerned, precincts once lawfully estab-
   lished retain their character and territorial integrity until such
   time as they shall be divided, changed or modified in some
   manner authorized by law.

2. ———: ———: ———: ———: WARD OF CITY CONSTITUTING A PRE-
   CINCT. When a village contained within a county, precinct or
   precincts, becomes organized as a city pursuant to a statute
   requiring the city authorities to divide its territory into wards,
   and enacting that each ward, when so created, shall constitute
   a precinct, the pre-existing precinct or precincts will, for gen-
   eral revenue purposes, remain unaffected until that duty shall
   be performed.

APPEAL from the district court for Douglas county.
Heard below before DICKINSON, J. *Reversed.*

*H. W. Pennock* and *Virgil O. Strickler*, for appellants.

*Thomas & Nolan, contra.*

AMES, C.

Certain lots and lands. situated in the city of South
Omaha were sold for general taxes for the year 1892. This
is an action for a foreclosure, based upon the certificates
of the tax sale. In March, 1887, while the town was or-
ganized under, and being governed by, the law relative to
villages, the chairman and board of trustees undertook to
enact an ordinance dividing the village into three wards.
There was no law authorizing such a division, and the ordi-
nance was void. On the 13th day of December, 1887, the
village became reorganized as a city of the second class,
having more than 5,000 and less than 25,000 inhabitants.
The act under which the organization was effected pro-

vided that the city be divided into not less than four or more than six wards, the boundaries of which should be determined by ordinance. In January, 1888, the mayor and council adopted a measure entitled "An ordinance to amend section of Ordinance No. 11 of the city of South Omaha, Nebraska, relating to wards, so as to read as follows." This measure is called "Ordinance No. 36." "Ordinance No. 11," therein mentioned, is the attempted village ordinance above mentioned. By the last-mentioned document it was undertaken to enact that ward No. 3 should comprise all the territory lying west of the Union Pacific Railroad tracks, the residue of the city being divided into wards numbered 1 and 2. Ordinance No. 36 assumed to divide this territory west of the tracks into two wards, one to be called "Ward No. 3," and the other to be called "Ward No. 4," but made no reference to any other territory of the city or to ordinance No. 11. It therefore did not do what its title represented that it would do, —amend the entire section of ordinance No. 11, relating to wards; nor did it itself divide the city into more than two wards. Presumably the construction put upon the matter by the mayor and council was that their action would divide the territory west of the railroad tracks, and described in the village measure as the "Third Ward," into two wards, and would leave the remaining two wards defined by that measure unaffected. But as already pointed out, the attempted village regulation was void, and hence the territory not lying westward of the railroad tracks had never been divided into wards, and was not so divided by ordinance No. 36, and this latter ordinance was therefore itself ineffectual and void. These are the only attempts to comply with the statute that are disclosed by the record, and the conclusion is inevitable that during the time with which we have to deal the city was not lawfully, nor except, perhaps, by way of estoppel as against the city itself, or persons contracting with it, in any valid manner divided into wards. Before and at the time the city organization was acquired, the territory in which the village was

included was a precinct of Douglas county, known as "South Omaha Precinct"; and the assessment of the whole village for taxation for the year 1892 was made by one H. H. Raven, who described himself, in his oath attached to and returned with the assessment roll, as "Assessor for South Omaha Precinct, Number (blank) Douglas County"; and the sole question before the court is whether, under the circumstances detailed above, his action was wholly unwarranted by law, so as to invalidate the lien of the public for taxes levied that year on the property in suit. The trial court made answer in the affirmative, and dismissed the action, and from its judgment to that effect this appeal is prosecuted.

Counsel have cited no authorities directly in point or closely analogous, and it is not unlikely that there are none, but, in our view, the learned district judge erred. We can not concur in the opinion that the public, as represented by the state and its various political subdivisions, was or could have been defeated of its revenues by the neg-- lect or refusal of the city authorities to obey the mandate of the statute by the division of the city into wards, and the definition of their boundaries. The statute provides that every precinct in the county is a separate district for assessment and revenue purposes, and that the wards of cities, when created, shall each constitute a precinct.

It is, we think, in entire harmony with the statute, as well as indispensable for the orderly conduct of public affairs, to hold that, so far as the assessment of property and the levy of general taxes are concerned, precincts once lawfully established retain their character and territorial integrity until such time as they shall be divided, changed or modified in some manner authorized by law.

For these reasons, it is recommended that the judgment of the district court be reversed, and the case remanded to the district court, with instructions to render a judgment of foreclosure and sale as prayed in the petition.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the case remanded with instructions to render a judgment of foreclosure and sale as prayed for in the petition.

REVERSED AND REMANDED.